IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SAUL MARTINEZ, on Behalf of Himself
and on Behalf of All Others Similarly Situated,**

      **Plaintiff,**

v.                                                                                   **No. CIV-16-0945 JCH/LAM**

**SCHLUMBERGER TECHNOLOGY
CORPORATION and SCHLUMBERGER
LIMITED (SCHLUMBERGER N.V.),**

      **Defendants.**

## ORDER GRANTING PLAINTIFF'S MOTION TO CONDUCT JURISDICTIONAL DISCOVERY *(Doc. 19)*

**THIS MATTER** is before the Court on *Plaintiff's Motion for Continuance and Motion to Conduct Jurisdictional Discovery and[,] in the Alternative[,] Response to Defendant's Motion to Dismiss (Doc. 19)*, filed September 27, 2016. Defendant Schlumberger Limited filed a response to the motion on October 11, 2016 [*Doc. 20*], and Plaintiff filed a reply on October 28, 2016 [*Doc. 21*]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion shall be **GRANTED**.

      This action involves allegations of violation of the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act. *See* [*Doc. 1* at 7 and 9]. Plaintiff alleges that he and other similarly situated "Field Engineer Trainees" were misclassified as exempt from overtime pay. *See id.* at 1. Plaintiff alleges that Defendant Schlumberger Limited (hereinafter "Defendant SL") is a publicly traded company that owns Defendant Schlumberger Technology Corporation (hereinafter "Defendant STC"). *See* [*Doc. 19* at 2]. Defendant SL has moved to dismiss

Plaintiff's claims under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. *See* [*Doc. 11*]. In his motion, Plaintiff asks the Court for the opportunity to conduct jurisdictional discovery regarding Defendant SL's contacts with New Mexico in order to demonstrate that this Court has jurisdiction over Defendant SL. *See* [*Doc. 19* at 2]. Specifically, Plaintiff seeks: (1) to depose Ms. Dagan Manahl[1] whose declaration was submitted in support of Defendant SL's motion to dismiss; (2) to conduct a Rule 30(b)(6) deposition related to Defendant SL's contacts with New Mexico; (3) to serve fifteen (15) requests for production related to Defendant SL's contacts with New Mexico; and (4) a 120-day continuance of Plaintiff's deadline to file his response to Defendant SL's motion to dismiss. *Id.* at 2 and 5. Plaintiff contends that he would be prejudiced if he is denied jurisdictional discovery because he disputes the facts in Ms. Manahl's declaration. *Id.* at 3. Plaintiff further contends that "[t]his discovery will show that Defendant [SL] operates in New Mexico, employs workers in New Mexico, and owns assets in New Mexico," and Plaintiff has attached exhibits from Defendant SL's website showing job postings for jobs in New Mexico and operations in New Mexico. *Id.* at 4 and [*Docs. 19-1, 19-2, 19-3* and *19-4*].

In response, Defendant SL asks the Court to deny Plaintiff's motion, stating that Plaintiff deposed Ms. Manahl recently in another FLSA case on these same jurisdictional issues, and that the exhibits attached to Plaintiff's motion are postings made by Defendant SL's subsidiaries. [*Doc. 20* at 1-2]. Defendant contends that this Court does not have jurisdiction over Defendant SL because Defendant SL is a separate entity from Defendant STC, is not the alter ego of Defendant STC, the injuries alleged by Plaintiff did not arise from Defendant SL's alleged contacts with New Mexico, and Defendant SL has not transacted sufficient business in New Mexico to confer general personal jurisdiction over it. *Id.* at 3. Defendant SL contends that the website printouts Plaintiff attaches as exhibits to his motion do not show that Defendant SL

---

[1] Plaintiff incorrectly spells Ms. Manahl's name in his motion. *Compare* [*Doc. 19* at 2 and 5] *with* [*Doc. 11-1*] (Ms. Manahl's declaration filed in support of Defendant SL's motion to dismiss).

does business in New Mexico because Defendant SL's "brand-focused" website dos not satisfy the contacts necessary to establish general personal jurisdiction. *Id.* at 4-8. Defendant further contends that Plaintiff's counsel recently deposed Ms. Manahl in another FLSA case in which Plaintiff's counsel asked Ms. Manahl about the corporate structure of Defendant SL, the relationship between Defendants SL and STC, and the scope of information contained on Defendant SL's website. *Id.* at 8-9 (citing *Doc. 20-1*). In addition, Defendant contends that Plaintiff will not be prejudiced by denial of his motion for jurisdictional discovery because Plaintiff's action over Defendant STC would survive Defendant SL's dismissal and none of Plaintiff's claims are specific to Defendant SL. *Id.* at 9. Defendant, therefore, asks the Court to grant Defendant's motion to dismiss.[2] In the alternative, Defendant states that "to the extent that this Court is inclined to grant Plaintiff's request for jurisdictional discovery, Defendant respectfully requests that such discovery be limited to ten Requests for Production related to [Defendant SL]'s alleged contacts with New Mexico and a 60-day [extension] period (not 120 days as requested by Plaintiff)." *Id.* at 10. Defendant further requests that, if Plaintiff's motion is granted, "all other discovery be stayed during this time frame." *Id.*

In reply, Plaintiff contends that the case in which Ms. Manahl was deposed involved different claims from the claims in this case, and that the previous deposition of Ms. Manahl "did not address whether Defendant [SL] has continuous and systematic contacts with New Mexico or any aspect relevant to whether Defendant [SL] conducts business in New Mexico." [*Doc. 21 at 2 and 3*]. Plaintiff contends that the information submitted with her motion "demonstrates that Defendant [SL] does business in New Mexico, owns property in New Mexico, and employs

---

[2] Because the Court finds below that Plaintiff should be allowed to conduct jurisdictional discovery in order to more fully respond to Defendant SL's motion to dismiss, the Court does not consider Plaintiff's motion for jurisdictional discovery to be his response to Defendant SL's motion to dismiss. Instead, the Court will allow Plaintiff to conduct jurisdictional discovery and file a response to the motion to dismiss, at which time Defendant SL may file a reply to the response, and the motion to dismiss will then be ready for a decision by the presiding judge in this case.

citizens of New Mexico," and that "[t]hese facts establish personal jurisdiction."  *Id.* at 2.  Plaintiff further contends that a deposition of a Rule 30(b)(6) deponent with knowledge of Defendant SL's contacts with New Mexico is necessary because Defendant Manahl is not a management level employee and does not work for Defendant SL.  *Id.* at 3-4 (citing *Doc. 21-1*).  Plaintiff states that his request for 120 days to conduct jurisdictional discovery is reasonable because of the possible difficulty in scheduling depositions this time of year.  *Id.* at 2 and 5.  Finally, Plaintiff asks the Court to deny Defendant SL's request to halt discovery related to Defendant STC because Plaintiff states that "[t]here is no reason why discovery related to the merits of the case against Defendant [STC] cannot proceed while discovery related to the personal jurisdiction of Defendant [SL] is being conducted."  *Id.* at 3.

"While the district court has broad discretion in determining whether to permit jurisdictional discovery, a refusal to grant discovery constitutes an abuse of discretion if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary."  *Health Grades, Inc. v. Decatur Memorial Hospital*, 190 Fed. Appx. 586, 589 (10th Cir. June 22, 2006) (unpublished) (citation omitted).  Therefore, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."  *Sizova v. National Institute of Standards & Technology*, 282 F.3d 1320, 1326 (10th Cir. 2002) (quoting *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)).

 Here, the Court finds that Plaintiff has demonstrated that a more satisfactory showing of the facts regarding this Court's jurisdiction over Defendant SL is necessary.  As Plaintiff notes, the previous deposition of Ms. Manahl was in a case in another district and did not address Defendant SL's alleged contacts with New Mexico.  In addition, a Rule 30(b)(6) deposition of Defendant SL appears to be necessary since Ms. Manahl is employed by Defendant STC, not

4

Defendant SL.  *See* [*Doc. 11-1* at 1].  While Defendant SL contends that the website printouts Plaintiff attached as exhibits to his motion for jurisdictional discovery do not show that Defendant SL does business in New Mexico, this appears to be a factual dispute and Plaintiff should be allowed to conduct limited discovery as to that issue.  For these reasons, the Court finds that Plaintiff would be prejudiced by a denial of his motion to conduct jurisdictional discovery and it will allow Plaintiff to conduct discovery regarding Defendant SL's contacts with New Mexico.  The Court, therefore, will allow Plaintiff to take the deposition of Ms. Manahl and Defendant SL's Rule 30(b)(6) deponent, limited to the issue of Defendant SL's contacts with New Mexico.  The Court will also allow Plaintiff to serve requests for production on Defendant SL, also limited to the issue of Defendant SL's contacts with New Mexico.  However, the Court finds that Defendant SL's request to limit these requests for production to ten (10), instead of Plaintiff's requested fifteen (15), is reasonable.  The Court also agrees with Defendant SL that Plaintiff's request for a 120-day continuance of the deadline to file his response to Defendant SL's motion to dismiss is excessive, and the Court will, instead, allow Plaintiff sixty (60) days to complete the jurisdictional discovery and to file his response to Defendant's motion.  Finally, the Court finds that Defendant's request to stay all other discovery during this time period is not necessary.  This case has not been set for a Rule 16 Initial Scheduling Conference, due to Defendant SL's pending motion to dismiss, so the discovery period in this case has not yet begun.  While the parties may agree to engage in discovery prior to the issuance of an Initial Scheduling Order, Defendant is not required to do so at this time, and does not need a Court order staying discovery.  *See* D.N.M. LR-Civ. 26.4 ("A party may not seek discovery under these rules or the Federal Rules of Civil Procedure before the parties have conferred as required by Fed. R. Civ. P. 26(f) except by agreement of all parties or by Court order.")

**IT IS THEREFORE ORDERED**, for the reasons set forth above, that *Plaintiff's Motion for Continuance and Motion to Conduct Jurisdictional Discovery and[,] in the Alternative[,] Response to Defendant's Motion to Dismiss (Doc. 19)* is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff may take the deposition of Ms. Manahl and Defendant SL's Rule 30(b)(6) deponent, limited to the issue of Defendant SL's contacts with New Mexico.

**IT IS FURTHER ORDERED** that Plaintiff may serve **ten (10) requests for production** on Defendant SL limited to the issue of Defendant SL's contacts with New Mexico.

**IT IS FURTHER ORDERED** that Plaintiff shall complete the above-described discovery and file his response to Defendant's motion to dismiss [*Doc. 11*] no later than **sixty (60) days of the date of this Order,** *i.e.*, **no later than Monday, February 6, 2017.**

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**