IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SAUL MARTINEZ, on Behalf of Himself
and on Behalf of All Others Similarly Situated,**

      **Plaintiff,**

v.                                                     No. CIV-16-0945 JCH/LAM

**SCHLUMBERGER TECHNOLOGY
CORPORATION,**

      **Defendant.**

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT *(Doc. 41)*

**THIS MATTER** is before the Court on *Defendant Schlumberger Technology Corporation's Opposed Motion for Entry of Protective Order and Confidentiality Agreement (Doc. 41)*, filed February 6, 2017. Plaintiff filed a response to the motion on February 21, 2017 [*Doc. 47*], and Defendant filed a reply on March 7, 2017 [*Doc. 50*]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion shall be **GRANTED in part** and **DENIED in part**.

Defendant states that the parties have been unable to agree on the terms of a protective order and confidentiality agreement, and asks the Court to enter Defendant's proposed order. [*Doc. 41* at 3]. Defendant contends that Plaintiff has insisted on changes to Defendant's proposed protective order that are unsupportable, and Defendant asks the Court to enter the proposed order as is. *See id.* at 5-6 (citing proposed order at *Doc. 41-2*).

In response, Plaintiff states that he objects to Defendant's proposed protective order because "it contains provisions that are contrary to the law and will give Defendant sole authority over whether a document is confidential rather than the Court." [*Doc. 47* at 1]. Plaintiff objects to: (1) Defendant's proposal to allow all documents to be filed under seal without prior Court approval; (2) Defendant's proposal to limit Plaintiff's counsel's ability to question witnesses concerning documents designated as confidential; and (3) Defendant's proposal to require third parties to sign the protective order. *Id.* at 2. Plaintiff states that, in a case in North Dakota, "Defendant has designated every document produced in discovery as confidential," and Plaintiff contends that "Defendant is now seeking to bring this litigation tactic to New Mexico." *Id.* at 3. Plaintiff further contends that Defendant's proposed protective order will prevent the public from having access to court records, and that it would improperly put the burden on Plaintiff to prove why a document should not be sealed, instead of on Defendant to prove why a document is confidential. *Id.* at 4-6.

In reply, Defendant states that good cause supports the entry of the proposed protective order because Defendant has the right to maintain the confidentiality of its proprietary and competitively sensitive materials. [*Doc. 50* at 1]. Defendant states that the burden of proof is properly allocated because the proposed protective order provides that only limited categories of documents may be designated as confidential. *Id.* at 2-3. Nevertheless, Defendant agrees to add language to the proposed protective order that, in the event a party objects to designating material as confidential, the designating party must "specify all reasons why confidentiality should apply to the Discovery Materials whose designation has been challenged," and that, if the parties are unable to reach an agreement as to the designation, the objecting party can move the Court for an order that the challenged material is not confidential, and "[t]he party that wishes the Discovery Material

2

to retain the 'Confidential' or 'Highly Confidential' designation shall bear the burden of proof in any challenge to such a designation." *Id.* at 4 (quoting proposed protective order, *Doc. 50-1* at 9-10, ¶ 14). Defendant contends that Plaintiff's objection regarding counsel's ability to question witnesses about confidential information is without merit because the proposed protective order states that "[p]ersons may be deposed regarding 'Confidential Information' or 'Highly Confidential" information of which they have knowledge." *Id.* at 5 (quoting proposed protective order, *Doc. 50-1* at 7, ¶ 12). Defendant proposes to add language to the protective order that would exempt deponents who are properly shown confidential information during a deposition from being required to sign the agreement to be bound to the terms of the protective order. *Id.* at 6 (citing proposed protective order, *Doc. 50-1* at 3 and 5, ¶¶ 3 and 5). As to other third parties, Defendant contends that Plaintiff can avoid having couriers sign the agreement by placing confidential materials in a sealed envelope, and that "[a]ny vendor routinely used by a law firm should already be under an agreement to preserve the confidentiality of confidential materials." *Id.*

The Court finds that Defendant's changes to the proposed protective order, as set forth in *Document 50-1* attached to Defendant's reply brief, are acceptable, and, with some additional edits by the Court, sufficiently address Plaintiff's objections. While Plaintiff objects that the proposed protective order allows a party to designate a document as confidential absent prior Court approval (*see Doc. 41* at 2), parties routinely enter into confidentiality agreements that allow the parties to designate documents as confidential, and to file a motion with the Court if a party disagrees with a designation and the parties are unable to come to an agreement on their own. Plaintiff's contention that Defendant has designated every document as confidential in another case is irrelevant at this time since there is no current dispute regarding this alleged behavior before the

3

Court.  Importantly, the protective order provides that a party may only designate materials as confidential if they "include trade secrets, confidential research, development, or commercial information, or confidential information related to business operations, finances, employees, or medical condition as described in the Federal Rules of Civil Procedure 26(c)(1)(G)."  [*Doc. 50-1* at 3, ¶¶ 2.1 and 2.2].  If Defendant designates as confidential material that does not contain the above-listed information, and the parties are unable to agree on a solution, then Plaintiff may bring a motion to the Court raising that issue at that time, and the protective order provides that the burden would be on the designating party to prove that the information is confidential.  *See id.* at 9-10, ¶ 14.  The Court further finds that Defendant has sufficiently addressed Plaintiff's objections regarding depositions by exempting deponents who are properly shown confidential information during a deposition from being required to sign the agreement.  *See id.* at 3 and 5, ¶¶ 3 and 5.  Finally, the Court finds no merit to Plaintiff's contention that the protective order will prevent the public from having access to court records because only confidential materials will be designated as confidential, not the parties' pleadings or the Court's orders.  In addition, the Court's changes to Paragraph 9 of the protective order (as set forth below), address the situation where the parties need to include confidential information in documents filed on the Court's docket.

Based on the foregoing, the Court finds that the proposed protective order submitted at *Document 50-1* attached to Defendant's reply brief, is acceptable with the following edits by the Court:

1. ¶ 4.e. - add "Subject to Paragraph 12" to the beginning of this paragraph.
2. ¶ 6 - add "subject to Paragraph 12" at the end of this paragraph.

4

3. ¶ 9 - rewrite entire paragraph to state: "All pleadings that contain 'Confidential Information' or 'Highly Confidential Information' shall be filed in the public record in redacted form, with as few redactions as possible, and an unredacted version shall be filed under seal.  Nothing herein shall prevent a party from utilizing the other party's 'Confidential Information' or 'Highly Confidential Information' at the trial of this case or in any pre-trial proceeding, subject to the right of the Designating/Producing Party to seek protection of such materials and information from the Court."

4. ¶ 15 - add "Excluding the Court and persons defined in Paragraphs 4(a) and 6(a)" to the beginning of this paragraph.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that *Defendant Schlumberger Technology Corporation's Opposed Motion for Entry of Protective Order and Confidentiality Agreement (Doc. 41)* is **GRANTED in part** and **DENIED in part** as described above.

**IT IS FURTHER ORDERED** that, **within ten (10) days of the entry of this Order**, Defendant shall submit the proposed protective order with the above-described amendments to the Court at lmproposedtext@nmcourt.fed.us.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

5