IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SAUL MARTINEZ, on Behalf of Himself
and on Behalf of All Others Similarly Situated,**

      **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　No. CIV-16-0945 JCH/LAM

**SCHLUMBERGER TECHNOLOGY
CORPORATION,**

      **Defendant.**

## ORDER GRANTING DEFENDANT'S MOTION FOR RETURN OF HIGHLY-CONFIDENTIAL DOCUMENTS *(Doc. 42)*

**THIS MATTER** is before the Court on *Defendant Schlumberger Limited (Schlumberger N.V.)'s Opposed Motion for Protective Order to Return Highly-Confidential Documents (Doc. 42)*, filed February 6, 2017. Plaintiff filed a response to the motion on February 21, 2017 [*Doc. 46*], and Defendant Schlumberger Limited (Defendant SL) filed a reply on March 7, 2017 [*Doc. 49*]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion shall be **GRANTED**.

In its motion, Defendant SL explains that it filed a motion to dismiss Plaintiff's claims against it for lack of jurisdiction and, subject to the Court's order allowing Plaintiff to conduct limited jurisdictional discovery, it produced to Plaintiff documents Bates numbered SL-0001 to SL-0061 limited to the issue of Defendant SL's contacts with New Mexico. [*Doc. 42* at 1]. Defendant states that "[i]n anticipation of entry of a protective order and in light of Plaintiff's counsel's representation that such documents would be treated as designated, [Defendant SL]

designated these documents 'Highly Confidential.'" *Id.* at 1-2. Defendant SL states that, on February 6, 2017, Plaintiff filed a notice of dismissal of Defendant SL, and, because Defendant SL is no longer a party in this action, the documents it produced are no longer relevant to the issues in this case. *Id.* at 2. Because the documents are highly-sensitive, Defendant SL states that it "has a strong business interest in preserving their confidentiality" and asks the Court to order Plaintiff to return the documents to Defendant SL and to affirm that he has not retained any copies. *Id.*

In response, Plaintiff states that Defendant SL has no standing to seek relief with the Court because it has been dismissed from this case. [*Doc. 46* at 1]. Plaintiff states that, even if Defendant SL did have standing, the documents it produced are relevant to Plaintiff's overtime claims and claim of willfulness. *Id.* at 1-2. Plaintiff contends that it has a right to use the documents to cross-examine witnesses and that "[t]he documents at issue are clearly relevant and discoverable for Plaintiff's current claims against Defendant Schlumberger Technology Corporation." *Id.* at 3.

In reply, Defendant SL states that it "produced highly-confidential documents prior to entry of a protective order . . . in compliance with this Court's orders and based on Plaintiff's representations that documents produced by Defendants would be treated as designated pending entry of a stipulated protective order." [*Doc. 49* at 2] (citing Clerk's Minutes from the January 23, 2017 hearing, *Doc. 35*). Defendant SL states that Plaintiff failed to agree to the proposed protective order, and disputes Plaintiff's contention that, since Plaintiff has filed a notice of dismissal of Defendant SL, Defendant SL lacks standing to request the return of its documents. *Id.* Defendant SL states that it would be prejudiced if Plaintiff is not ordered to return the documents, and contends that the documents are no longer relevant to this case because it is no longer a party to this case. *See id.* at 3-4. In addition, Defendant SL contends that Plaintiff's

counsel's refusal to return the documents contravenes his representations to the Court and to Defendant SL's counsel that he would treat the documents as confidential in anticipation of the entry of a protective order.  *Id.* at 4-5.

The Court finds that Plaintiff should return the documents produced by Defendant SL. These documents were produced in compliance with the Court's order to allow Plaintiff to conduct jurisdictional discovery, and were produced for the limited purpose of discovering whether or not Defendant SL has sufficient contacts with New Mexico for this action to proceed against it. Plaintiff has since agreed that Defendant SL is not a proper party to the case and dismissed his claims against Defendant SL.  While Plaintiff contends that the documents are relevant to Plaintiff's claims against Defendant Schlumberger Technology Corporation ("Defendant STC"), the Court finds that Defendant SL's assertion that the documents contain confidential and sensitive business information supports a finding that the documents should be returned to Defendant SL at this time.  Moreover, by separate order the Court has granted Defendant STC's motion for entry or a protective order, which provides that all materials designated as "Confidential Information" or "Highly Confidential Information" shall be returned to the producing party within thirty (30) days of the dismissal of that party.  *See* [*Doc. 50-1* at 1, ¶ 15] (proposed protective order).  In addition, this order will not preclude Plaintiff from seeking these documents through the discovery process once the discovery deadlines have been set in this case.  Therefore, the Court finds that this motion shall be granted and Plaintiff shall return to Defendant SL the documents marked SL-0001 to SL-0061 and shall affirm that he has not retained any copies of those documents.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that ***Defendant Schlumberger Limited (Schlumberger N.V.)'s Opposed Motion for Protective Order to Return Highly-Confidential Documents*** *(Doc. 42)* is **GRANTED** and that, **within five (5) days of the**

**entry of this Order**, Plaintiff shall return to Defendant SL the documents marked SL-0001 to SL-0061, and shall affirm that he has not retained any copies of those documents.

    **IT IS SO ORDERED.**

                                                           *Lourdes A. Martínez*
                                      **LOURDES A. MARTÍNEZ**
                                      **UNITED STATES MAGISTRATE JUDGE**