IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SAUL MARTINEZ, on Behalf of Himself**
**and on Behalf of All Others Similarly Situated,**

      **Plaintiff,**

v.                                                          No. CIV-16-0945 JCH/LAM

**SCHLUMBERGER TECHNOLOGY**
**CORPORATION,**

      **Defendant.**

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES *(Doc. 43)* and GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY *(Doc. 54)*

**THIS MATTER** is before the Court on *Plaintiff's Motion to Compel Discovery Responses (Doc. 43)*, filed February 13, 2017. Defendant filed a response to the motion on February 27, 2017 [*Doc. 48*], and Plaintiff filed a reply on March 13, 2017 [*Doc. 53*]. This matter is also before the Court on *Defendant Schlumberger Technology Corporation's Motion for Leave to File Surreply in Opposition to Plaintiff's Motion to Compel (Doc. 54)*, filed on March 16, 2017. Having considered the motion to compel, response to the motion to compel, reply to the motion to compel, motion for leave to file a surreply, record of this case, and relevant law, the Court **FINDS** that the motion for leave to file a surreply shall be **GRANTED** and the motion to compel shall be **DENIED without prejudice**.

This action involves allegations of violations of the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act. *See* [*Doc. 1* at 7 and 9]. Plaintiff alleges that he and other similarly situated "Field Engineer Trainees" were misclassified as exempt from overtime pay. *See id.* at 1. In his motion to compel, Plaintiff states that Defendant did not adequately respond to Plaintiff's requests for production and interrogatories, and he asks the Court to compel

Defendant to provide complete responses.  [*Doc. 43* at 2].   Specifically, Plaintiff seeks complete responses to discovery requests asking for: (1) information about potential class members; (2) information regarding how Plaintiff's pay was calculated; (3) statements made by Plaintiff and documents concerning Plaintiff; (4) information about Defendant's training program; (5) job descriptions for the potential class members; (6) complaints and investigations made to Defendant regarding the classification of Plaintiff and potential class members; (7) e-mails and texts supporting Plaintiff's claims; and (8) the amount of time spent litigating this case by Defendant's counsel.  *See id.* at 2-3 and 6-15.  In addition, Plaintiff asks the Court to compel Defendant to provide a privilege log, respond to five interrogatories it failed to answer, provide any supplemental information to Defendant's discovery responses, and specify whether any documents are being withheld on the basis of Defendant's objections.  *See id.* at 3 and 15.

In response, Defendant contends that Plaintiff failed to sufficiently confer about the disputed discovery requests before filing his motion.  *See* [*Doc. 48* at 1-7].  Defendant states that it will supplement its responses to include a statement as to whether or not it has withheld any documents on the basis of the objections it asserted, and will provide a privilege log.  *See id.* at 7.  Defendant contends that some of Plaintiff's discovery requests are overly broad and ask for irrelevant or privileged information.  *See id.* at 8-10.  Defendant notes that some of the disputed discovery requests ask for information related to categories of employees that are not currently part of this lawsuit and that, while Plaintiff has sought leave of Court to amend his complaint to encompass these employees, since that motion has not been granted, these discovery requests are irrelevant given the current status of the case.  *See id.* at 10-13.  Finally, Defendant contends that no further documents should be produced in this case until a protective order has been entered. *See id.* at 13-14.

In reply, Plaintiff states that he sufficiently conferred with Defendant prior to filing the motion to compel, and that Defendant has failed to dispute the merits of the issues raised in the motion to compel. *See* [*Doc. 53* at 2-4]. In addition, Plaintiff contends that he has a right to conduct discovery prior to the Court ruling on his motion to file an amended complaint because Plaintiff seeks discovery in support of a motion for class certification. *See id.* at 4-7.

In Defendant's motion for leave to file a surreply, Defendant contends that Plaintiff's reply brief "contains blatant misstatements of fact, critical omissions and an incomplete picture of the meet and confer efforts engaged in by the parties following the filing of Plaintiff's [motion to compel]." [*Doc. 54* at 1]. In Defendant's proposed surreply, Defendant states that Plaintiff did not seek a conference with Defendant prior to filing his motion to compel, and that Plaintiff's only effort to confer with Defendant was a two-page letter sent on February 9, 2017, which was only two business days before Plaintiff filed the motion to compel. *See id.* at 1. Defendant also contends that it has continued to engage in negotiations with Plaintiff regarding the disputed discovery requests. *See id.* at 1-2.

First, the Court finds that Defendant's motion for leave to file a surreply is well-taken and shall be granted. Next, the Court finds that Plaintiff's motion to compel shall be denied without prejudice because it is premature. This case has not been set for a Rule 16 Initial Scheduling Conference due to Plaintiff's pending motion to file an amended complaint [*Doc. 23*], so the discovery period in this case has not yet begun. Federal Rule of Civil Procedure 26(d)(1) provides that a party may not seek discovery before the parties have conferred as required by Rule 26(f), "except . . . by stipulation, or by court order." Since Defendant does not contend that Plaintiff's discovery requests are premature pursuant to this rule, it appears that the parties have stipulated to engaging in discovery prior to this case being set for a Rule 16 Initial Scheduling

Conference. Nevertheless, the Court finds that Plaintiff's motion is premature because Plaintiff's motion to file an amended complaint may expand the parameters of relevant information in this case. Plaintiff's motion to file an amended complaint seeks to expand the class definition in this case from "Field Engineer Trainees" in the Well Services Segment, to include all workers employed as "Field Engineer Trainees" and "Field Specialist Trainees" in the Well Services and Wireline Segments. *See* [*Doc. 23* at 2]. Because many of Plaintiff's disputed discovery requests relate to the definition of the class in this case, it would be premature for the Court to consider the merits of Defendant's objections to those requests. In addition, prior to the Rule 16 Initial Scheduling Conference, the parties will have a chance to exchange their initial disclosures, and at the Scheduling Conference, the Court will instruct the parties as to the Court's expectations regarding meeting and conferring prior to filing motions, and will set limits to the number of allowed discovery requests. Discovery can then proceed in an orderly manner. For these reasons, the Court will deny Plaintiff's motion to compel without prejudice, with leave to refile it, if necessary, after the Rule 16 Initial Scheduling Conference has taken place.

**IT IS THEREFORE ORDERED** that *Defendant Schlumberger Technology Corporation's Motion for Leave to File Surreply in Opposition to Plaintiff's Motion to Compel (Doc. 54)* is **GRANTED**.

**IT IS FURTHER ORDERED**, for the reasons stated above, that *Plaintiff's Motion to Compel Discovery Responses (Doc. 43)* is **DENIED without prejudice** with leave to refile, if necessary, after the Rule 16 Initial Scheduling Conference has taken place.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**