IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAUL MARTINEZ, on Behalf of Himself
and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.                                                     No. CIV-16-0945 JCH/LAM

SCHLUMBERGER TECHNOLOGY
CORPORATION,

    Defendant.

## CONFIDENTIALITY AND PROTECTIVE ORDER

Defendant Schlumberger Technology Corp. ("STC") assert that certain documents produced by Defendants in this action contain sensitive confidential, proprietary, and valuable trade secrets and information, the disclosure of which could be harmful to Defendants' businesses and affect their competitiveness and the confidentiality of which outweighs the public's interest in full access to all documents related to this Litigation. Further, Defendants maintain numerous other records containing confidential information concerning employees, the disclosure of which could be adverse to the employees. However, some of the above-described records may contain information relevant to Plaintiff Saul Martinez Jr.'s ("Plaintiff") claims and, thus, be discoverable. Accordingly, the Court orders that the following provisions are in place concerning the documents, discovery responses, depositions and other items produced, exchanged or otherwise utilized in this lawsuit:

## Definitions

1. The terms defined in Paragraph 1 shall have the meaning provided. Defined terms may be used in the singular or plural.

> 1.1. **"Producing Party"** means the Party or person who produces or who is asked to produce documents or information that the Party or person considers to be Confidential or Highly Confidential.
>
> 1.2. "**Designating Party**" means the Party who produces or who receives documents that it considers to be Confidential or Highly Confidential and provides notice to the other Parties of the designation.
>
> 1.3 **"Receiving Party"** means the Party receiving or requesting the production of documents or information designated as Confidential or Highly Confidential.
>
> 1.4 **"Objecting Party"** means the Party receiving the production of documents or information designated as Confidential or Highly Confidential and who objects to the designation of documents as such.
>
> 1.5. The **"Litigation"** means the lawsuit captioned above, including all discovery proceedings, hearings, preparation and pre-trial, trial, and post-trial activities related thereto.
>
> 1.6. **"Litigation Documents"** means all pleadings, motions, affidavits and related papers, answers to interrogatories, all documents produced or exchanged in the course of discovery, settlement negotiations, trial preparation or trial, and all transcripts of testimony given in depositions, in hearings or at trial in connection with the Litigation.
>
> 1.7. The **"Parties"** shall mean the Parties to this Litigation, current, past and future: Plaintiff Saul Martinez Jr., other named Plaintiffs, opt-in/putative plaintiffs, STC, Schlumberger Limited ("SLB"), and all agents thereof.
>
> 1.8. **"Non-party"** shall mean any entity or individual that is not (currently or previously) a party to this Litigation.

## Confidential and Highly Confidential Information

2. The terms "Confidential Information" and "Highly Confidential Information" shall have the meaning provided below:

2.1. **"Confidential Information"** means all information, whether or not embodied in a document or other physical medium, which the Designating/Producing Party believes in good faith lends to it a competitive advantage over others who do not possess such information, as well as confidential private, or personal information relating to any individual Party, employee, or former employee of the Party, which the Designating/Producing Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence. Confidential Information includes any data, summary, abstract, compilation, or information obtained, derived, or generated from Confidential Information. Documents designated as "Confidential Information" must include trade secrets, confidential research, development, or commercial information, or confidential information related to business operations, finances, employees, or medical condition as described in the Federal Rules of Civil Procedure Rule 26(c)(1)(G).

2.2. **"Highly Confidential Information"** means all information, whether or not embodied in a document or other physical medium, which the Designating/Producing Party believes in good faith contains or reflects proprietary information, trade secrets or competitive or commercial information of a sensitive nature that disclosure to another party or an employee or officer of such other party may cause competitive injury. Highly Confidential information includes any data, summary, abstract, compilation, or information obtained, derived, or generated from Confidential Information. Documents designated as "Highly Confidential Information" must include trade secrets, confidential research, development, or commercial information, or confidential information related to business operations or finances, as described in the Federal Rules of Civil Procedure Rule 26(c)(1)(G). "Highly Confidential Information" does not include the pay records or personnel files of any Plaintiff or Opt-In Plaintiff.

**Inspection of "Confidential Information"**

3. Each person to whom "Confidential Information" is disclosed or made available, including experts or consultants retained by one or more of the Parties but excluding deponents properly shown Confidential Information during the course of a deposition, shall first be advised of the existence and the contents of this Order and shall agree in writing to be bound by its terms and conditions (collectively "Protective Order Agreements"[1]). Counsel for the Receiving Party

---
[1] A copy of the proposed Protective Order Agreement is included herewith.

shall maintain the Protective Order Agreements throughout the course of this Litigation and shall provide copies of same to the Court and the Designating/Producing Party upon request if there are specific questions about potential violations of or compliance with this Protective Order and/or a corresponding Protective Order Agreement by an identifiable individual who has been given the opportunity to review "Confidential Information" produced in this Litigation by any Party.

    4.    "Confidential Information" may only be inspected by or revealed to the following persons:

    a.    The Court, Court personnel, court reporters reporting during deposition, hearing or trial testimony, jury, and/or mediator;

    b.    Counsel of record for the Parties in this Litigation, including regular employees who provide assistance for purposes of discovery, preparation for trial, and/or trial of this case as a part of their regular duties, as well as persons or agents employed by them and/or under contract with said attorneys' of record;

    c.    A Party, including any individuals that have consented to be a party by filing an opt-in consent with the Court, and designated representatives of a named party who is an entity who are directly involved in the handling and/or administration of the Litigation or who, in the good faith judgment of the Party's counsel, need to have access to "Confidential Information" for a legitimate need. Each party's counsel shall take reasonable steps to assure that "Confidential Information" is not disclosed to corporate employees who are not so designated;

    d.    Independent experts, retained by the Parties in connection with this Litigation, who have a legitimate need to review such "Confidential Information" for purposes of this Litigation;

    e.    Subject to Paragraph 12, witnesses who have authored or had authorized access from the Designating/Producing Party to the "Confidential Information" prior to this Litigation, from whom the Receiving Party's attorney deems it necessary to obtain testimony for this Litigation. For purposes of trial, the identity of any such witnesses must be disclosed thirty (30) days before trial or the discovery cutoff date, whichever date is earlier. Any other witness may inspect or the Receiving Party's counsel may reveal confidential information to that witness thirty (30) days before

trial. No copies of "Confidential Information" shall be sent to or retained by any such witness.

  f.  Any person who is designated to receive "Confidential Information" by Order of Court or agreement of the parties; and

  g.  In-house attorneys for STC and/or SLB whether employed or contracted, including regular employees who provide assistance for purposes of discovery, preparation for trial, and/or trial of this case as a part of their regular duties; as well as persons or agents employed by them and/or under contract with said attorneys of record.

### **Inspection of "Highly Confidential Information"**

  5.  Each person to whom "Highly Confidential Information" is disclosed or made available, including experts or consultants retained by one or more of the Parties but excluding deponents properly shown Highly-Confidential Information during the course of a deposition, shall first be advised of the existence and the contents of this Order and shall agree in writing by signing a Protective Order Agreement to be bound by the terms and conditions of this Protective Order. Counsel for the Receiving Party Shall maintain the Protective Order Agreements throughout the course of this Litigation and shall provide copies of same to the Court and the Designating/Producing Party upon request if there are specific questions about potential violations of or compliance with this Protective Order and/or a corresponding Protective Order Agreement by an identifiable individual who has been given the opportunity to review "Highly Confidential Information" produced in this Litigation by any Party.

  6.  "Highly Confidential Information" may only be inspected by or revealed to the following persons, subject to Paragraph 12:

  a.  The Court, Court personnel, Court reporters reporting during deposition, hearing, or trial testimony, jury and/or mediator;

  b.  Counsel of record for the Parties in this Litigation, including regular employees who provide assistance for purposes of discovery, preparation for trial, and/or trial of this case as a part of their regular duties, as well as

        person or agents employed by them and/or under contract with said attorneys' of record;

    c.    In-house attorneys for STC and/or SLB whether employed or contracted, including regular employees who provide assistance for purposes of discovery, preparation for trial, and/or trial of this case as a part of their regular duties; as well as persons or agents employed by them and/or under contract with said attorneys of record.

    d.    Independent experts retained by the Parties in connection with this Litigation, who have a legitimate need to review such "Highly Confidential Information" for purposes of this Litigation; and

    e.    Plaintiff, including any individuals that have consented to be a party by filing an opt-in consent with the Court, but only at the offices of, and in the presence of, his respective counsel of record or at his deposition. No copies of "Highly Confidential Information" shall be retained by Plaintiff(s).

### **Use of "Confidential Information" or "Highly Confidential Information"**

7. All "Confidential Information" and "Highly Confidential Information" shall be used solely for the purposes of this Litigation and as permitted by and subject to this Protective Order. Under no circumstances may "Confidential Information" or "Highly Confidential Information" be used for non-Litigation purposes or in any matter, controversy, mediation, arbitration, or litigation now pending or later filed other than this Litigation.

8. No Party or person shall make or permit the making of more copies of any "Confidential Information" than are necessary to conduct settlement negotiations, discovery or litigation relating to the matters referenced herein. Counsel of record for each Party shall retain custody of all copies of "Confidential Information" and "Highly Confidential Information" produced to said attorneys at all times, unless otherwise agreed to by the Designating/Producing Party in writing.

9. All pleadings that contain "Confidential Information" or "Highly Confidential Information" shall be filed in the public record in redacted form, with as few redactions as

possible, and an unredacted version shall be filed under seal. Nothing herein shall prevent a party from utilizing the other party's "Confidential Information" or "Highly Confidential Information" at the trial of this case or in any pre-trial proceeding, subject to the right of the Designating/Producing Party to seek protection of such materials and information from the Court.

**<u>Designation of "Confidential Information" or "Highly Confidential Information"</u>**

10. The Designating/Producing Party shall clearly mark or designate in writing any Litigation Document, including discovery responses, to be treated as "Confidential Information" or "Highly Confidential Information" under the terms of this Protective Order.

11. Any Party may designate all or any portion of testimony given at a deposition, or documents attached as exhibits to a deposition, as "Confidential Information" or "Highly Confidential Information" by indicating on the record at the deposition that the testimony is "Confidential Information" or "Highly Confidential Information." Further, all deposition transcripts shall be deemed "Confidential Information" for ten (10) days after their receipt by counsel for each of the Parties, during which time the Designating/Producing Party may designate information contained in the transcript as "Confidential Information" or "Highly Confidential Information" by notifying counsel for the Parties in writing of any specific pages and lines of the transcript which contain "Confidential Information" or "Highly Confidential Information." The Designating/Producing Party will act in good faith designating information as "Confidential Information" or "Highly Confidential Information," and any dispute regarding said designation will be resolved in accordance with the provisions of Paragraph 14 herein.

12. Persons may be deposed regarding "Confidential Information" or "Highly Confidential Information" of which they have knowledge. In the event any "Confidential

Information" is to be used or discussed in a deposition, any Party shall have the right to exclude from attendance during such portions of the deposition involving "Confidential Information" any person other than the deponent and the persons defined in Paragraph 4. In the event any "Highly Confidential Information" is to be used or discussed in a deposition, the Designating/Producing Party shall have the right to exclude from attendance during such portions of the deposition involving "Highly Confidential Information" any person other than the deponent, counsel for the Parties, the court reporter, and the persons defined in Paragraph 6.

13. Any document or testimony that is designated as "Confidential Information" or "Highly Confidential Information" which is revealed by or included in any discovery proceeding (whether formal or informal and whether in the form of depositions, transcripts, discovery answers, or document production) or in any hearing, motion, pleadings, affidavits, briefs or other documents submitted to this Court during pretrial matters, shall be subject to this Protective Order. "Confidential Information" and "Highly Confidential Information" included as part of any pleading, memorandum, or other submission shall be filed under seal and shall comply with the Local Rules and other applicable requirements, which, among other things, require the filing party to submit a motion supporting the sealing of such documents. Subject to this Protective Order and further Order of the Court, nothing herein shall prevent the use of "Confidential Information" or "Highly Confidential Information" at hearing or trial. The Court will hear motions for the closure of limited portions of the hearings or trial of this matter should any Party deem such closure desirable or necessary. Before discussing the substance of any "Confidential Information" or "Highly Confidential Information" at a hearing or trial, the Party intending to introduce or use such information into evidence must first notify the Court and counsel for the other Parties. No Party shall disclose the substance of "Confidential Information" or "Highly

Confidential Information" in open court until the Designating/Producing Party has been given the opportunity to object or take the necessary measures to safeguard the confidentiality of such information and obtain a ruling from the Court. There shall be no mention to the Jury of the fact of designation under this Protective Order of a document, court paper, or testimony as "Confidential Information" or "Highly Confidential Information."

### Objection to Designation

14. Any dispute arising under this Protective Order shall be submitted to the Court for resolution if the parties cannot reach an amicable solution after conferring. If any Party disagrees with the designation of any information as "Confidential Information" or "Highly Confidential Information," the material so designated shall nonetheless be treated as such unless and until the Designating/Producing Party agrees or the Court orders that the "Confidential Information" or "Highly Confidential Information" designation shall be removed. Any party who wishes to contest the designation of any information as "Confidential Information" or "Highly Confidential Information," shall, in writing, inform counsel for the Designating/Producing Party of its objection to the designation. If the Designating/Producing Party insists on the material being treated as "Confidential Information" or "Highly Confidential Information" as specified in this Order, it shall so notify the Objecting Party in writing within ten (10) days of receipt of the Objecting Party's notice. The Designating Party's written notice shall specify all reasons why confidentiality should apply to the Discovery Materials whose designation has been challenged. The Parties shall, within five (5) business days of service of the aforesaid written notice, confer concerning the objection and their dispute as to the designation. If the matter is not then resolved, the Objecting Party shall have fifteen (15) days after receipt of such notice to move the Court for an order that the challenged Discovery Material should not be

designated as "Confidential" or "Highly Confidential." The party that wishes the Discovery Material to retain the "Confidential" or "Highly Confidential" designation shall bear the burden of proof in any challenge to such a designation.

**Return of "Confidential Information" or "Highly Confidential Information"**

15. Excluding the Court and persons defined in Paragraphs 4(a) and 6(a), within thirty (30) days after the final termination of this Litigation or the dismissal of any party to this action, whether by settlement, judgment, or decision on appeal, all originals and copies of "Confidential Information" and "Highly Confidential Information" shall be returned to the Designating/Producing Party (or in the case of dismissal, the Designating/Producing Party that has been dismissed from the action), unless otherwise agreed to between the Parties, together with all documents containing data or information obtained, derived, or generated therefrom. The Designating/Producing Party's counsel shall retain such information for a period of four (4) years following the conclusion of this Litigation. In the alternative, the Receiving Party may provide counsel for the Designating/Producing Party with a certification attesting that the "Confidential Information" or "Highly Confidential Information" has been destroyed, together with all documents containing data or information obtained, derived, or generated therefrom.

16. If any "Confidential Information" or data obtained, derived, or generated therefrom, is sough through discovery from the Receiving Party by any party in any other judicial or administrative proceeding or otherwise, the Receiving Party agrees to notify Designating/Producing Party in writing within five (5) days so as to permit the Designating/Producing Party to seek a protective order from the appropriate court or take other appropriate action.

## No Waiver

17.  Nothing in this Protective Order shall be construed as a waiver by any Party of its right to object to the subject matter of any discovery request made in this action. The execution of this Protective Order shall not be construed as an agreement by any Party to produce any document or supply any information, and shall not constitute an admission that any designated material is relevant in any way to the issues raised in the Litigation or as a waiver of any privilege with respect thereto. Nothing contained in this Order and no designation as "Confidential Information" or "Highly Confidential Information" shall be construed as a finding (preliminary or otherwise) that any information designated by or protected by this Order does or does not constitute confidential, proprietary or trade secret information.

18.  Neither the provisions of this Protective Order nor any disclosure by a Party pursuant to this Protective Order shall constitute a waiver at any time, or in any litigation relating to the matters referenced herein or otherwise, or any attorney/client privilege, work product doctrine, or any privilege offered by the Federal Rules of Civil Procedure.

19.  No use by any Party of any "Confidential Information" or "Highly Confidential Information" or documents or any information contained therein or derived therefrom shall abrogate any of the provisions of this Protective Order with respect to such "Confidential Information" or "Highly Confidential Information" or documents or any information contained therein or derived therefrom.

**IT IS SO ORDERED.**

_Lourdes A. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

# **PROTECTIVE ORDER AGREEMENT**

I, _____ [NAME], do hereby acknowledge that I have received and read a copy of the attached Protective Order in the case *Martinez v. Schlumberger Technology Corp.* I agree to be bound by the terms of such order. I further agree to be subject to the jurisdiction of this Court, including, but not limited to, its contempt powers.

Executed this _____ day of _____, 20_____ at _____, _____ [CITY, STATE].

_____   _____

(print name)   (signature)