# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**SAUL MARTINEZ, JR., on Behalf of**
**Himself and on Behalf of All Others**
**Similarly Situated,**

   **Plaintiff,**

**vs.**            **Civ. No.  16-945 JCH/KRS**

**SCHLUMBERGER TECHNOLOGY**
**CORPORATION,**

   **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Plaintiff's *Motion for Leave to File First Amended Complaint* [Doc. 23] and *Plaintiff's Motion for Leave to Exceed Page Limits* [Doc. 28]. For the reasons more fully explained below, the Court will grant the motion to exceed page limits in part, and will grant the motion for leave to amend.

## BACKGROUND

Plaintiff Saul Martinez ("Martinez") is a former employee of Defendant Schlumberger Technology Corporation ("Schlumberger"), an oil field services company.[1] According to the Complaint [Doc. 1], Schlumberger employed Martinez as a Field Engineer Trainee from approximately January of 2014 until October of 2014, during which time he performed non-exempt manual labor. Martinez alleges that Schlumberger required him, and others like him, to

---

[1] Martinez's Complaint originally included claims against a second defendant, Schlumberger Limited (Schlumberger N.V.). However, on February 6, 2017, Martinez filed Plaintiff's Notice of Dismissal Without Prejudice as to this defendant.

work more than 40 hours per week but refused to pay them overtime wages by improperly classifying them as "exempt" employees. He asserts claims against Schlumberger for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a) and the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-22 et seq. Martinez seeks to assert a nationwide collective action for the FLSA claim, and a New Mexico class action for the NMMWA claim.

Martinez seeks leave to file a first amended complaint that would broaden his collective and class actions. While his original Complaint was brought on behalf of "Field Engineer Trainees" in the "Well Services Segment," he wishes to amend his complaint to also include all workers employed as "Field Engineer Trainees" or "Field Specialist Trainees" in either the Well Services Segment or the Wireline Segment. Doc. 23 at 2; *see also* Plaintiff's proposed First Amended Complaint, Doc. 23-1. Schlumberger opposes the motion to amend on the grounds that "it seeks to expand the alleged classes to include job positions Plaintiff never has held in divisions where Plaintiff has never worked."  Doc. 24 at 1. Schlumberger argues that it would be futile to permit this expansion because Martinez can neither represent the expanded class he proposes nor meet the certification requirements of the FLSA and Rule 23.

Martinez filed a reply [Doc. 27] in support of his motion for leave to amend that is sixteen pages in length, which exceeds the twelve-page limit imposed by our Local Rules. Attached to this reply are two complete, unhighlighted depositions totaling almost 200 pages—well in excess of the 50 page limit for exhibits imposed by our Local Rules. Martinez did not request permission to exceed these page limits before he filed his reply, but rather filed the reply first and then, one day later, filed his Motion for Leave to Exceed Page Limit. Doc. 28. Schlumberger opposes the motion to extend the page limits. Doc. 29.

## DISCUSSION

### I.      Motion to Extend Page Limits

In filing a reply of sixteen pages, Martinez violated several of our Local Rules. First, he violated Local Rule 7.5, which limits reply briefs to twelve pages. Next, in attaching almost 200 pages of exhibits, Martinez violated Local Rule 10.5, which restricts exhibits to a maximum of 50 pages (unless all parties agree otherwise) and requires parties to file "only those pages of an exhibit which are to be brought to the Court's attention." In fact, most of the exhibit pages filed by Martinez are irrelevant to his reply. Martinez's filing also violated Local Rule 10.6, which requires parties to clearly mark the portions of the exhibit they wish to bring to the Court's attention. Finally, Martinez waited until after filing its non-compliant reply brief before it sought consent to the page extension from Schlumberger and then filed his motion for extension of the page limit.

Martinez contends that the four extra pages of briefing in his reply are necessary to fully address the issues raised in Schlumberger's response brief. Martinez also requests an opportunity to refile his reply exhibits so that they comply with Local Rules 10.5 and 10.6. Schlumberger opposes the four-page extension on the reply brief on two grounds. First, it contends that the extension is unreasonable in light of the fact that Schlumberger's response brief was only seven pages in length and raises no novel issues. Second, Schlumberger opposes the request as untimely because Martinez filed it after he filed his overlong reply brief. Finally, Schlumberger argues that the page extension should be denied because the reply brief addresses issues, such as standing, that are not raised in the response brief.[2]

---

[2] Based upon the tone of the briefs and the email correspondence attached thereto, it appears that counsel for the parties have had difficulty cooperating in this case. This is best illustrated,

3

The Court will grant the motion to extend page limits in part. The Court will accept Martinez's overlong reply brief on this occasion only. Having given this one chance, the Court will not overlook any further violations of the Local Rules by Plaintiff. However, the motion to extend the page limit for the exhibits is denied, there being no valid reason for the Court to consider those depositions in their entirety. The Court will consider only those pages specifically cited in the reply brief; the remainder of the pages are hereby stricken.

## II.     Motion for Leave to Amend

### A.      Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that, after a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule specifies that "[t]he court should freely give leave when justice so requires." The purpose of the Rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

---

perhaps, by the amount of energy counsel appear to have expended over a four-page extension on a reply brief. This Court has limited patience for these types of pointless battles. Counsel are hereby forewarned that the Court will not tolerate incivility and lack of professionalism among counsel.

### B.        Analysis

As discussed above, Martinez moves the Court for leave to file an amended complaint that broadens the original class of plaintiffs from "Field Engineer Trainees" in the Well Services Segment to all workers employed as "Field Engineer Trainees" as well as "Field Specialist Trainees" in the Well Services and Wireline Segments. Schlumberger opposes the motion for leave to amend on the grounds that it is futile.[3] Schlumberger argues that the proposed amended complaint would improperly expand the class of plaintiff employees "to reach jobs that Plaintiff has never held and working in divisions in which Plaintiff has never worked," and therefore Plaintiff cannot properly represent those other putative plaintiffs under either Rule 23 or the FLSA. Thus, the question before the Court is whether it can determine at this stage, based on the record before it, that the proposed amended complaint cannot state a claim for collective action under either the FLSA or Rule 23. In order to make that judgment, one must understand the standards for certifying collective actions under those respective statutes.

### 1.        FLSA

The Tenth Circuit Court of Appeals has approved a two-tiered, "ad hoc" approach to determine whether named and prospective plaintiffs are "similarly situated" such that certification is proper. *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). The standard for certifying an FLSA collective action is fairly loose initially, until discovery is completed. During this initial "notice stage," courts require only "substantial allegations that the putative class members were together the victims of a single decision, policy,

---

[3] Schlumberger also opposed the motion on the grounds that it prolonged and did not resolve the dispute over whether the Court lacked personal jurisdiction over co-defendant Schlumberger Limited (Schlumberger N.V.). As Schlumberger Limited is no longer a party in the case, that argument is moot.

or plan." *Id.*; *Morisky v. Pub. Serv. Elec. and Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000). At this stage, the Court "does not weigh the evidence, resolve factual disputes, or rule on the merits" of the plaintiffs' claims. *Greenstein v. Meredith Corp.*, 948 F. Supp. 2d 1266, 1267 (D. Kan. 2013) (citation omitted). Then, the parties send notice to prospective class members and discovery proceeds. The prospective class members must affirmatively express their desire to join the litigation.[4]   After the completion of discovery, the defendant may file a motion for decertification. Because at that point the record has been fully developed, the court applies a "stricter standard," analyzing factors, such as "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations ...." *Thiessen*, 267 F.3d at 1102-03 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

Based on the record before the Court at this time, it cannot conclude at this stage that the proposed amendment would be futile. Martinez has made substantial allegations that the groups of employees included in his putative class were together the victims of a single policy by Schlumberger to misclassify certain employees as exempt. Even if the current record contained evidence to contradict that allegation—which it does not—this is not the proper stage at which to resolve such disputes. It may be that Martinez's attempt to certify a collective action will ultimately fail. However, at this stage he has done enough to win leave to amend, particularly in light of the policy in favor of liberally granting such motions.

---

[4] This "opt in" procedure required under the FLSA is dissimilar to a standard class action under Rule 23 of the Federal Rules of Civil Procedure, where all potential plaintiffs are bound by the judgment unless they "opt out."  The requirements of Rule 23 do not apply to FLSA actions and no showing of numerosity, commonality, typicality and adequacy of representation need be made.  *See Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 84 (S.D.N.Y. 2001).

2.      **Rule 23**

Rule 23 sets forth the requirements for certifying a class action under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 23. All classes must satisfy: (i) all the requirements of Rule 23(a); and (ii) one of the three sets of requirements under Rule 23(b), where the three sets of requirements correspond to the three categories of classes that a court may certify. *See* Fed. R. Civ. P. 23(a)-(b). Rule 23(a) states:

(a) **Prerequisites**. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2) (emphasis added). Even "factual differences in the claims of the individual putative class members should not result in a denial of class certification where common questions of law exist." *In re Intelcom Group Sec. Litig.*, 169 F.R.D. 142, 148 (D. Colo. 1996). *See Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988) ("That the claims of individual putative class members may differ factually should not preclude certification under Rule 23(b)(2) of a claim seeking the application of a common policy."); *Lopez v. City of Santa Fe*, 206 F.R.D. 285, 289 (D.N.M. 2002)(Vázquez, J.)("Commonality requires only a single issue common to the class, and the fact that 'the claims of individual putative class members may differ factually should not preclude certification under Rule 23(b)(2) of a claim seeking the application of a

common policy." (citations omitted)). A single common question will suffice to satisfy rule 23(a)(2), but the question must be one "that is central to the validity of each one of the claims." *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Schlumberger argues that Martinez's claims cannot be, as a matter of law, typical of the new groups of employees that he seeks to add because he did not work in the Wireline Segment, nor did he work as a Field Specialist Trainee. Doc. 24 at 4-5. For the same reasons, it asserts that Martinez cannot fairly and adequately represent the interests of the new groups of employees he seeks to add. *Id*. It would have been helpful to Schlumberger's argument if it had explained in its response the difference between a Field Specialist Trainee and a Field Engineer Trainee, or had distinguished between the Wireline and Well Services Segments.  Without the benefit of such explanation, the Court is at a loss to evaluate Schlumberger's contention that Martinez cannot possibly properly represent these employees. Similarly, Schlumberger states in conclusory fashion that the proposed expansion of the class "also poses significant manageability concerns due to the significant overlap of these proposed groups with class and collective actions currently pending in other jurisdictions." Doc. 24 at 4 n.4. In the absence of any specific information on this point, the Court concludes that this concern is premature at this stage and can be addressed when Martinez moves for class certification.

In sum, the Court concludes that the motion for leave to amend should be granted. Schlumberger is free to reassert its arguments at the class certification stage.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for Leave to Exceed Page Limits* [Doc. 28] is **GRANTED IN PART** and **DENIED IN PART** as described herein.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Leave to File First Amended Complaint* [Doc. 23] is **GRANTED**. Plaintiff must file his amended complaint no later than ten days after entry of this Memorandum Opinion and Order.


_____
**UNITED STATES DISTRICT JUDGE**

9